IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEWIS ALAN CARLTON, | :: | PRISONER HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| DONALD BARROW, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-865-RWS-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is a state prisoner who, through counsel, challenges under 28 U.S.C. § 2254 the judgment of conviction that landed him in prison.  (Doc. 1.)  Respondent filed a brief opposing the petition, (Doc. 5-1), and Petitioner filed a reply, (Doc. 6).[1] For the reasons discussed below, the petition and a certificate of appealability should be denied.

## I.    Background

In September 2012, a grand jury in Cobb County, Georgia indicted Petitioner for various crimes.  (Doc. 8-4 at 42-49.)  Four counts of the indictment charged

---

[1] Petitioner also filed, pro se, a three-page document.  (Doc. 3.)  Parties represented by counsel may not act pro se.  LR 83.1D(2), NDGa.  Another Georgia prisoner and an individual residing in North Carolina also filed *amicus curiae* briefs without permission from the Court.  (Docs. 4, 7.)  The Court has not considered any of those improper filings.

Petitioner with the crime of "IMPERSONATION OF PUBLIC EMPLOYEE." (*Id.* at

45-46.) Those counts alleged that Petitioner falsely held himself out as an employee

of the Georgia Department of Family and Children's Services ("DFACS") with intent

to mislead four people into believing he actually was such an employee. (*Id.*) Those

counts implicated the following Georgia law:

> A person who falsely holds himself out as a peace officer or other public
> officer or employee with intent to mislead another into believing that he
> is actually such officer commits the offense of impersonating an officer
> . . . .

O.C.G.A. § 16-10-23.

In October 2012, Petitioner pled guilty in the Superior Court of Cobb County

to three of the four counts of impersonating a DFACS employee. (Doc. 1 at 1; Doc.

8-5 at 56-59.) All remaining counts were dismissed. (Doc. 8-5 at 60.) The trial court

sentenced Petitioner to fifteen years, with five of those to be served in prison and the

remainder on probation. (*Id.* at 56-59.)

Petitioner did not directly appeal his judgment of conviction, but he filed a

petition for a writ of habeas corpus in state court. (Doc. 8-1.) Petitioner later

abandoned all claims in his state petition except one: his claim that his constitutional

right to due process was violated because he was convicted of an act that is not a

2

crime. (Doc. 8-3.) Petitioner specifically argued that O.C.G.A. § 16-10-23 is unconstitutionally vague and criminalizes only the impersonation of a peace officer or public officer and not a mere public employee. (*Id.*)

The state habeas court agreed with Petitioner that the statute is unconstitutionally vague and granted his habeas petition. (Doc. 8-2.) Respondent appealed. In a unanimous opinion, the Georgia Supreme Court reversed and upheld Petitioner's judgment of conviction. *Kennedy v. Carlton*, 757 S.E.2d 46, 49 (Ga. 2014).

Petitioner asserts in this action the same claim he asserted in his state habeas case. (Doc. 1 at 5.) Petitioner contends that O.C.G.A. § 16-10-23 is unconstitutionally vague as it "does not criminalize a defendant holding himself out as a public employee" and "only criminalizes a person holding himself out as an officer, which includes peace officer and public officer." (*Id.*) Petitioner thus contends that his conviction for violating the unconstitutionally vague statute violated his right to due process. (*Id.*) Respondent contends that Petitioner has not overcome the deference owed the Georgia Supreme Court's decision on the claim. (Doc. 5-1.)

AO 72A
(Rev.8/82)

## II.    Applicable Legal Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus for a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  This power, however, is limited.

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 131 S. Ct. at 1398 (citations and quotation marks omitted).

In applying 28 U.S.C. § 2254(d), a federal habeas court first determines the "clearly established federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The federal habeas court then

4

determines whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision "and nevertheless arrives at a [different] result." *Id.* at 405-06.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then determines whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 409, 411; *see Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) ("For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." (quotations omitted)).

In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786-87 (quotation marks omitted) (petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786.

### III.   Analysis

Although Petitioner contends that O.C.G.A. § 16-10-23 (the "Impersonation Statute") is unconstitutionally vague in violation of his right to due process, Petitioner cited no federal law in support of his claim. (Docs. 1, 6.) It is Petitioner's burden to show that the Georgia Supreme Court unreasonably applied clearly established federal law in rejecting his due process claim, yet Petitioner has not identified that law. As noted in Part II, above, only decisions from the U.S. Supreme Court constitute clearly established federal law under § 2254.

A criminal statute is impermissibly vague if it either: (1) "fails to provide people of ordinary intelligence a reasonably opportunity to understand what conduct it prohibits"; or (2) "authorizes or even encourages arbitrary and discriminatory

6

enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). The first situation is at issue in this case because Petitioner contends that the Impersonation Statute cannot be understood to criminalize impersonation of a public "employee" who is not also an "officer" and thus did not give him notice that it is a crime to impersonate a DFACS employee. (*See* Doc. 6 at 6 ("While all public officers and peace officers are employees, all state employees are not peace officers or public officers. . . . [A] DFACS worker is neither a peace officer nor a public officer.").)

The U.S. Supreme Court has further stated:

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926); *see Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939) (stating that *Connally* provides the "applicable rule" for determining whether a penal statute is unconstitutionally vague). In short, "[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is

7

forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617 (1954). Fair

warning is the touchstone of the vagueness doctrine. *Colten v. Kentucky*, 407 U.S.

104, 110 (1972) ("The root of the vagueness doctrine is a rough idea of fairness.").

The Georgia Supreme Court applied the standard set out above in adjudicating

Petitioner's due process claim. That court said:

> A criminal statute is not unconstitutionally vague if its terms furnish
> those of common intelligence who come in contact with it a test with
> normal criteria which may be used with reasonable safety by a person to
> determine the statute's command; in this regard, due process requires
> only that the law give sufficient warning so that individuals are able to
> avoid the conduct which is forbidden. *Dunn v. State*, 286 Ga. 238,
> 241(1), 686 S.E.2d 772 (2009). Indeed, if the phrase in a statute
> challenged as vague has a commonly understood meaning, it is
> sufficiently definite to satisfy due process concerns. *Id.*

*Kennedy*, 757 S.E.2d at 48. Petitioner has not shown that the Georgia Supreme Court

"applie[d] a rule that contradicts the governing law set forth" by the U.S. Supreme

Court, or "confront[ed] a set of facts that are materially indistinguishable" from a U.S.

Supreme Court decision "and nevertheless arrive[d] at a [different] result." *See*

*Williams*, 529 U.S. at 405-06. The Georgia Supreme Court's decision thus was not

contrary to clearly established federal law.

8

Petitioner thus must show that the Georgia Supreme Court unreasonably applied the governing law in rejecting his due process claim. Petitioner has not made that showing either.

The Georgia Supreme Court found that the Impersonation Statute is not unconstitutionally vague for the following reasons:

> [T]he statute forthrightly and plainly states that it applies to public employees, as well as peace and other public officers. The fact that the remainder of the sentence does not expressly again recite "employee" does not negate the clear and express legislative mandate. Moreover, even assuming arguendo that the fact that the term "employee" is not renamed in the close of the sentence renders the statute ambiguous in this regard, the fundamental rules of statutory construction compel the conclusion that the prohibition of the statute applies to impersonation of public employees.
>
> A statute, including one criminalizing conduct, is to be construed according to its terms, giving those terms their plain and ordinary meaning, and avoiding a statutory construction that will render some of the statutory language mere surplusage; in considering the appropriate construction, this Court must seek to effectuate the intent of the General Assembly. *Doe v. State*, 290 Ga. 667, 668, 725 S.E.2d 234 (2012). This statute explicitly states that it applies to impersonation of a "public officer or employee." If the General Assembly did not intend that the reach of the statute extend to impersonation of public employees, then the express use of the word "employee" in the statute would constitute "mere surplusage."
>
> Furthermore, the obvious intent and purpose of the General Assembly in enacting the statute is to protect the people of this State from intimidation and other potential abuses and dangers at the hands of an individual

9

misrepresenting himself or herself as one cloaked with the authority and power which may attend public office or employment. The circumstances of this case, involving the welfare of minor children, well illustrate the potential perils of permitting one to falsely represent employment by a governmental agency to further a personal agenda.

. . . .

OCGA § 16–10–23 specifies that it is a crime for an individual to falsely hold himself or herself out as a public employee, with the intent to mislead another into believing that he or she is actually such person. It commands to a person of common intelligence that he or she refrain from such conduct. The statute provided [Petitioner] with appropriate notice that his actions would constitute a violation of the law.

*Kennedy*, 757 S.E.2d at 48-49.

It was reasonable for the Georgia Supreme Court to find that the Impersonation Statute gives fair notice to those of ordinary intelligence that it applies to impersonation of a public employee who is not also an "officer" for several reasons. First, as the Georgia Supreme Court noted, a contrary conclusion would render the word "employee" useless. Second, the Impersonation Statute consists of only one sentence that first mentions "peace officer" and then mentions "or *other* public officer or employee," all in the disjunctive. O.C.G.A. § 16-10-23 (emphasis added). Third, the sentence's second clause does not refer simply to "officer," but to "*such* officer," which is reasonably construed to refer back to the disjunctively listed nouns preceding that phrase by just a few words. *See id.* (emphasis added). If "such officer" does not

10

include a public employee, as Petitioner contends, it also does not include "public officer" because those terms appear together in the phrase "or other public officer or employee" after the initial reference to "peace officer." *See id.* That is not a reasonable interpretation of the Impersonation Statute.

Petitioner has not shown that the Georgia Supreme Court unreasonably applied the fair warning standard governing his due process claim. It does not matter that Petitioner had a colorable claim, as the state trial court found in granting him habeas relief, or that another court might reach a different conclusion if it reviewed the issue de novo. The issue before this Court is whether the Georgia Supreme Court unreasonably applied the clearly established federal law set by the U.S. Supreme Court. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 131 S. Ct. at 786.

Petitioner has identified no U.S. Supreme Court case with which the Georgia Supreme Court's decision conflicts or that suggests that the Georgia Supreme Court unreasonably applied the governing law. Petitioner has not shown that the Georgia Supreme Court's decision contains "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Harrington*, 131 S. Ct. at 786-87. Petitioner thus is not entitled to relief under § 2254.

11

## IV.    Certificate Of Appealability

A habeas petitioner may not appeal the dismissal of his § 2254 petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted).

Petitioner has not shown that the Georgia Supreme Court unreasonably applied clearly established federal law in finding that the statute under which he was convicted is not unconstitutionally vague. That conclusion is not reasonably debatable. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is not warranted.

12

## V.     Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus [1] and a certificate of appealability be **DENIED** and that this action be **DISMISSED**.

**SO RECOMMENDED** this 29 day of _____July_____, 2014.

_Linda T. Walker_
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

13