IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEWIS ALAN CARLTON, | :: | PRISONER HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| DONALD BARROW, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:14-CV-865-RWS |

## **ORDER**

Petitioner, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner challenges the judgment of conviction entered in the Superior Court of Cobb County, Georgia in 2012 after he pled guilty to three counts of impersonating an employee of the Georgia Department of Family and Children's Services ("DFACS") in violation of O.C.G.A. § 16-10-23. (*Id.*)

That statute provides that "[a] person who falsely holds himself out as a peace officer or other public officer or employee with intent to mislead another into believing that he is actually such officer commits the offense of impersonating an officer . . . ." O.C.G.A. § 16-10-23. After he pled guilty and was sentenced, Petitioner filed a habeas action in state court claiming that impersonation of a DFACS employee is not a crime under § 16-10-23 because the statute applies only to impersonation of "officers" and

not public employees who are not officers. (Doc. 8-3.) He thus claimed that his convictions under the statute denied him due process. (*Id.*)

The Georgia Supreme Court rejected Petitioner's claim, concluding that § 16-10-23 is not unconstitutionally vague and that it provides persons of ordinary intelligence fair notice of the prohibited conduct. *Kennedy v. Carlton*, 757 S.E. 2d 46, 48-49 (Ga. 2014). Petitioner then brought his due process claim to this Court.

After briefing by the parties, Magistrate Judge Walker issued a Report and Recommendation that the petition and a certificate of appealability be denied. (Doc. 10 ("R&R").) Judge Walker found that Petitioner had not shown that the Georgia Supreme Court's rejection of his claim was contrary to, or unreasonably applied, clearly established federal law. (*Id.*); *see* 28 U.S.C. § 2254(d). Petitioner filed objections to the R&R. (Doc. 12.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Upon de novo review of Petitioner's claims, the Court agrees with the conclusions in the R&R. Petitioner has not overcome the deference owed the Georgia Supreme Court's decision. He simply rehashes in his objections the same arguments he previously made. The R&R correctly analyzed those claims.

Contrary to Petitioner's contention, § 16-10-23 does not "clearly refer[] to only peace officers." (*See* Doc. 12 at 3.) The statute includes the term "employee" in the disjunctive phrase "public officer or employee." O.C.G.A. § 16-10-23. It was reasonable for the Georgia Supreme Court to conclude that the statute – which consists of only one sentence and less than seventy words – provides fair notice to persons of ordinary intelligence that impersonating a public employee who is not an "officer" with the requisite intent violates the statute. *See id.*

Petitioner's argument to the state courts was a colorable one, but his burden in this federal habeas case is much higher than the burden he faced in attempting to convince the state courts that he was convicted of something the statute does not prohibit. He must show that no reasonable, fairminded judges could disagree that the Georgia Supreme Court erred in rejecting his due process claim. *See Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011); *Terrell v. GDCP Warden*, 744 F.3d 1255, 1269-70 (11th Cir. 2014). "If fairminded jurists could disagree about the correctness

3

of the state supreme court's decision . . ., then the state supreme court's application of [clearly established federal law] was reasonable." *Terrell*, 744 F.3d at 1269-70. More simply, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013) ("To grant relief, we must conclude that no reasonable jurist could decide otherwise."). That is the case here, for all the reasons discussed in the R&R.

Petitioner further argues in his objections that not only does § 16-10-23 not give fair notice that it applies to non-officers, it is arbitrarily enforced. (Doc. 12 at 3-4.) Petitioner's only support for that claim is that, according to him, all cases that have reached Georgia's appellate courts regarding the statute involved impersonation of a police officer and Petitioner is the only current Georgia prisoner convicted of impersonating someone other than a peace officer. (*Id.*) Even if true, those facts alone do not demonstrate arbitrary enforcement or, more importantly, that the Georgia Supreme Court unreasonably applied clearly established federal law in rejecting the claim. Petitioner has not overcome the deference owed the Georgia Supreme Court's decision.

4

Accordingly, the Court **OVERRULES** Petitioner's objections [12] and **ADOPTS** the R&R [10] as the opinion of the Court.  The petition for a writ of habeas corpus and a certificate of appealability are **DENIED**.

**SO ORDERED** this  22nd   day of August, 2014.

*[signature]*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)